# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

SONIA MARITZA ALMENDAREZ-FUNEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 463 837

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Sonia Maritza Almendarez-Funez, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture.

This court reviews only the BIA's decision, except to the extent that the IJ's ruling influences the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA's legal conclusions are reviewed *de novo*; its factual findings, including whether an alien is eligible for asylum, for substantial evidence.

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60370

*Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under that standard, the BIA's factual findings will not be reversed "unless the evidence compels it".  *Wang*, 569 F.3d at 536–37 (citing 8 U.S.C. § 1252; *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992)).

Pursuant to 8 U.S.C. § 1101(a)(42)(A), an alien may be granted asylum if she "is unable or unwilling to return to" her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion".  8 U.S.C. § 1101(a)(42)(A).  To qualify for relief based on membership in a particular social group, the alien must show she is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences".  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted).

First, Almendarez contends the BIA arbitrarily and capriciously deviated from its precedent and applied an incorrect standard in determining whether she alleged a cognizable particular social group.  Our court, however, lacks jurisdiction to review an issue for which an alien failed to exhaust all administrative remedies available to her as of right.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).  Because Almendarez' claim that the BIA relied on an erroneous legal standard is an issue "stemming from the BIA's act of decisionmaking", it could not have been raised prior to the BIA's issuance of its decision.  *Omari v. Holder*, 562 F.3d 314, 319–21 (5th Cir. 2009).  She was therefore required to raise the issue in a motion to reopen or for reconsideration to satisfy the exhaustion requirement.  *E.g.*, *id.* at 321.  Because she did not do so, our court lacks jurisdiction to review the claim.  *E.g.*, *id.*; *Roy*, 389 F.3d at 137.

No. 17-60370

Second, regarding the BIA's denial of her request for asylum and withholding of removal, Almendarez asserts the evidence supports that she will likely be persecuted on account of her membership in the particular social group of "family member[s] of a person who has been targeted by gangs and who[ are] being targeted due to familial relationship". The evidence, however, does not compel a finding that she was persecuted, or has a well-founded fear of future harm, based on her membership in the proposed group. *See Wang*, 569 F.3d at 537. Accordingly, the BIA's finding to the contrary will not be overturned. *E.g., id.* Moreover, the group is not cognizable because it is defined by the persecutory conduct aimed at its members and otherwise does not have the necessary social visibility or particularity. *E.g., Orellana-Monson*, 685 F.3d at 518 ("[t]he risk of persecution alone does not create a particular social group").

Almendarez also suggests she is entitled to relief based on being a member of the particular social group of the immediate family of Brayan Almendarez-Funez, her son who was targeted and killed by gang members. But, she abandoned this proposed group in the proceeding before the IJ and effectively raised it for the first time in her appeal to the BIA, which did not review it. Because a claim raised initially to the BIA is not properly exhausted, we lack jurisdiction to consider it. *E.g., Eduard v. Ashcroft,* 379 F.3d 182, 195 n.14 (5th Cir. 2004) (BIA need not consider issues first raised on appeal).

Finally, Almendarez has abandoned any claim regarding whether she was entitled to asylum or withholding of removal based on her political opinion or was eligible for relief under the Convention Against Torture. *E.g., Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

DISMISSED IN PART; DENIED IN PART.